Chaulbs A. Loreto, J.
Plaintiff moves, pursuant to subdivision 6 of rule 109 of the Buies of Civil Practice, for an order striking out the first affirmative defense contained in the amended supplemental answer of the defendant Bankers Trust Company.
The first six causes of action contained in the complaint are asserted against all of the defendants save Bankers Trust Company, and they are based on notes made by the defendant union by its president.
The seventh cause is asserted against defendant Bankers Trust Company (Bank) only and alleges in substance: that plaintiff purchased a series of promissory notes of the International Long Shoremen’s Association (ILA) which were presented at defendant Bank and were paid; that unknown to plaintiff, the money to pay the notes was furnished by a third party and not by charging the maker’s account; that the Bank made a fraudulent misrepresentation by not reporting to plaintiff the source of payment of the notes; that plaintiff, relying on the Bank’s representation that the first series of notes had been paid out of the ILA account, was induced to buy $90,000 of additional ILA notes in series; that the maker of the additional notes denied the validity of his signature and the notes remain unpaid; that in the event the additional notes prove to be forged and uncollectible, plaintiff has been damaged in the amount of $90,000 by the misrepresentation of defendant Bank, which induced him to purchase $90,000 in unpaid notes.
By its answer, defendant Bankers Trust Company admitted that plaintiff had presented the unpaid notes and that they had been returned to him, and it put in issue the remainder of the allegations of the complaint, including the allegations that plaintiff had purchased for value and owned the paid and the unpaid notes, and that defendant Bank was plaintiff’s agent for the purposes of the foregoing transactions.
*498 By its amended supplemental answer, defendant Bank has affirmatively alleged that Guild Clothes, Inc., its successor, and certain other third parties were and are the owners of the unpaid notes the subject matter of this lawsuit, and that plaintiff is not the real party in interest herein.
The question presented by this motion is whether the affirmative defense is sufficient in law.
It is clear that the seventh cause of action pleaded is not on the notes. It is a claim for damages based on alleged misrepresentation or tortious conduct of the Bank acting as collecting agent, resulting in injury — i.e., the plaintiff’s purchase of $90,000 in uncollectible notes.
By section 350-a of the Negotiable Instruments Law, with certain exceptions not applicable in the present state of the pleadings, it is provided that “the bank of deposit shall be agent of the depositor for its collection”, i.e., the collection of the notes.
Since coneededly plaintiff was the depositor of the notes for collection he is the only party in interest. The assertion that they were purchased by other parties is inconclusive unless it is claimed that plaintiff was not the owner of the notes at the time of their deposit for collection or that plaintiff has transferred the claim in suit. This is necessarily implied in the statute.
The denials in the answer of plaintiff’s ownership would be sufficient to defeat his causes on the notes. However, the tort claim alleged is not fully met by the affirmative defense so pleaded even though the denials in the answer are imported into the separate defense, absent an allegation of plaintiff’s ownership of the notes at the time of deposit with the bank for collection and of plaintiff’s ownership of the claim in suit. What the defendant appears to rely on is evident from its argument, as stated in its brief: “In the event that defendant Bank proves its allegation that various third parties, including Guild, purchased the notes, the damage incurred by plaintiff Spiotta would necessarily be reduced to zero, and the complaint would properly be dismissed, since an action must be brought by the real party in interest. ’ ’
This appears to say that damage there may have been, but, whatever it was, it evaporated thereafter upon sale of the notes. The premise is fallacious, for the damage would remain and plaintiff would be the proper party in interest unless it is alleged that the claim in suit was transferred.
Defendant urges it is subject to liability to others by reason of the claim of tort (Ultramares Corp. v. Touche, 255 N. Y. *499 170). Indeed, all who suffer by reason of the tort as indicated in Ultramares are proper parties, and the existence of others who may have suffered would be no defense to plaintiff’s claim of injury.
The motion is granted, with leave to the defendant to serve an amended answer within 10 days from service of a copy of this order with notice of entry.